**Maurice GRAYTON, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT,
Respondent.**

No. 04–3379.

United States Court of Appeals,
Federal Circuit.

Nov. 29, 2004.

Before MICHEL, SCHALL, and GAJARSA, Circuit Judges.

ON MOTION

GAJARSA, Circuit Judge.

*ORDER*

The Office of Personnel Management (OPM) moves to dismiss Maurice Grayton's petition for review as untimely. Grayton opposes and moves for leave to proceed in forma pauperis.

On April 20, 2004, the Merit Systems Protection Board issued a final decision in Grayton's case, specifying that its decision was final and that any petition for review must be received by this court within 60 calendar days of receipt of the Board's decision. Grayton received the decision on April 27, 2004. Grayton's petition for review was received by the court on July 7, 2004, 71 days after his receipt of the Board's decision.

Our review of a Board decision is governed by 5 U.S.C. § 7703(b)(1), which provides that "[n]otwithstanding any other provision of law, any petition for review must be filed within 60 days after the date the petitioner received notice of the final order or decision of the Board." This filing period is "statutory, mandatory, [and] jurisdictional." *Monzo v. Dept. of Transportation, Federal Aviation Administraiton,* 735 F.2d 1335, 1336 (Fed.Cir. 1984). Thus, under the time provision of the statute, Grayton's petition for review was due in this court within 60 days of receipt of the Board's final decision, i.e., June 28, 2004.

Grayton states that "a calculation of 56–business days transpired falling within the federal guidelines for time." However, pursuant to Fed. R.App. P. 26(a)(2), intermediate Saturdays, Sundays and legal holidays are excluded in computing time only when the relevant time period is less than 11 days. Grayton had 60 days to file a petition for review and thus Grayton's petition for review was required to be filed within 60 calendar days, not 60 business days, in order to be timely. Furthermore, the Board's decision stated that a petition for review must be received by the court within 60 *calendar* days of the date of receipt. Because Grayton's petition for review was received on July 7, 2004, 11 days late, the court must dismiss Grayton's petition as untimely.

Accordingly,

IT IS ORDERED THAT:

(1) OPM's motion to dismiss 04–3379 is granted.

(2) Each side shall bear its own costs.

(3) All pending motions are moot.